**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| TROY DULANEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00276-TWP-MKK |
| | ) | |
| CITY OF MUNCIE, | ) | |
| MUNCIE FIRE DEPARTMENT, | ) | |
| MUNCIE FIRE MERIT COMMISSION, | ) | |
| DANIEL BURFORD, | ) | |
| ROBERT MEAD, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment filed by Defendants City of Muncie, Muncie Fire Department, Muncie Fire Merit Commission, Daniel Burford, and Robert Mean (collectively, "Defendants") (Filing No. 34). Plaintiff Troy Dulaney ("Dulaney") initiated this action alleging violations of the Fourteenth Amendment, violation of Article 1 § 12 of the Indiana Constitution, intentional infliction of emotional distress, and retaliation (Filing No. 15). For the reasons explained below, the motion is **denied without prejudice**, and may be refiled.

**I. DISCUSSION**

This case arises from a dispute where Dulaney, a firefighter employed on the third battalion at Muncie Fire for twenty-one years, had his Emergency Medical Services and Fire certifications revoked for seven years and was placed on "inactive status," after a complaint was lodged against Dulaney for organizing and operating a cheating ring within Muncie Fire in which he would give new recruits answers to their certification tests (Filing No. 15 at 4–5). Dulaney filed an Amended Complaint in March 2025, alleging the Defendants violated the Fourteenth Amendment and the

Indiana Constitution by: failing to promote him and by placing him on inactive status without notice or a hearing; violating the Fourteenth Amendment by failing to adhere to the Merit Commission rules; intentionally inflicting emotional distress upon him; and retaliating against him by beginning proceedings to terminate his employment after he filed a lawsuit challenging the Defendants' placing him on inactive status and failing to promote him. *Id*.

On July 24, 2025 Defendants filed a Motion for Summary Judgment in which they raise Dulaney's failure to exhaust his administrative remedies as an affirmative defense (Filing No. 34).

This case has been complicated by two parallel administrative proceedings: Dulaney's state court case against the Indiana Department of Homeland Security in which he petitioned the Marion Superior Court for review of the Indiana Department of Homeland Security, Board of Firefighting Personnel Standards and Education's (the "Fire Board") decision to revoke his firefighter certificates; and Dulaney's disciplinary hearing before the Muncie Fire Merit Commission which was stayed by the Delaware Circuit Court pending judicial review by the Marion Superior Court of the Fire Board's decision (Filing No. 49).

Discovery in this case has been stayed pending the resolution of the instant summary judgment motion, and pending Plaintiff's exhaustion of his administrative remedies. (Filing No. 47). In their Motion to Stay Discovery, Defendants moved for an order staying all discovery and pre-trial deadlines in this action pending Plaintiff's exhaustion of available administrative remedies. Defendants noted that permitting both the Marion Superior Court and Delaware Circuit Court to reach their conclusion prior to proceeding in this case will promote judicial economy, allow for the development of a complete factual record, and would not result in undue prejudice to any party. (Filing No. 37).

Defendants opposed the stay of discovery and argued that even if the Exhaustion of Administrative Remedies Doctrine were applicable to this case, Dulaney should be afforded the opportunity to present evidence showing substantial compliance, futility, and/or waiver of its application. (Filing No. 45).

Public records indicate that on March 17, 2026, the Marion Superior Court issued its Findings of Fact, Conclusions of Law, and Order and that court determined that the Fire Board's decision to revoke Dulaney's Instructor I and Instructor II/III certifications permanently and suspension of twenty-four additional certifications for three years was arbitrary and capricious. *See* Findings of Fact, Conclusions of Law, and Order at 8, *Troy D. Dulaney v. Indiana Department of Homeland Security*, Cause No. 49D04-2504-PL-017422. The Marion Superior Court found that the Fire Board's decision contained neither a legal analysis nor an articulation for its reasons. *Id*. at 7. The court granted Dulaney's petition for judicial review, reversed the Final Order of the Fire Board, and ordered the Fire Board to immediately reinstate all firefighting certifications previously held by Dulaney. *Id*. at 8. Plaintiff has also filed a Status Report (Filing No. 52).

This Order from the Marion Superior Court is likely to significantly affect the arguments asserted in the summary judgment motion, and the parties are still awaiting a decision from the Delaware Superior Court.  It appears that at present, Plaintiff (the nonmovant) cannot present facts essential to justify its opposition, on the summary judgment record before the Court.

On September 22, 2025 Plaintiff's counsel field a Rule 56(d) declaration. (Filing No. 45-4). That rule provides,

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Federal Rule of Civil Procedure 56(d).

The Court is persuaded that acts necessary to respond to the pending summary judgment motion are unavailable to the Plaintiff. Accordingly, the Court **DENIES** without prejudice to refile Defendants Motion for Summary  (Filing No. 34), to allow Plaintiff adequate time to complete discovery as outlined in the Declaration.

The Court notes that the parties have a status conference with the Magistrate Judge on March 26, 2026. The parties should discuss with the Magistrate Judge whether discovery should now proceed, or whether any further stay of discovery may be necessary. Further, as the dispositive motions deadline has passed, the parties should discuss with the Magistrate Judge an extension of that deadline as well other case management deadlines.

**SO ORDERED**.

Date:    3/24/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Jessica Dickinson
kennedja@gmail.com

Alexandra Megan Dowers
alexandra@mjcattorneys.com

Curtis Matthew Graham
Embry Merritt Womack Nance, PLLC
curt.graham@emwnlaw.com

Christopher Paul Jeter
Massillamany Jeter & Carson LLP
chris@mjcattorneys.com

4